The State of Ohio, Appellee, *v.* Abrams, Appellant.

[Cite as State v. Abrams (1974), 39 Ohio St. 2d 53.]

(No. 73-587—Decided July 3, 1974.)

54

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Randal A. Anderson, Jr.*, for appellee.

*Mr. Jack H. Patricoff*, for appellant.

O'NEILL, C. J. Seven propositions of law are presented by appellant in this appeal. One, relating to appellant's motion for diminution of the record in the Court of Appeals, is moot as a result of the granting of that motion by the Court of Appeals. Of the other six propositions of

law, only one was assigned as error in the Court of Appeals, briefed and considered by that court.

This court is not required to "consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, 213 N. E. 2d 179; *State* v. *Lisiewski* (1969), 20 Ohio St. 2d 20, 24, 252 N. E. 2d 168, *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 302, 272 N. E. 2d 347. Therefore, this court will consider only that proposition of law which presents an issue assigned as error and considered by the Court of Appeals.

Appellant frames that issue as follows: "A trial judge in a felony trial should not be permitted to have a secret communication with the jury during deliberations in the absence of defendant or his counsel, concerning additional instructions which the jury had requested."

The record shows, in an affidavit of the trial judge which was filed in the Court of Appeals pursuant to that court's allowance of appellant's motion for diminution of the record, that during jury deliberation the trial judge "received a question from the jurors requesting further elaboration of the court's charge on aiding and abetting. The court, out of the presence of counsel for defendant or the court reporter, advised the jurors that the only further instructions he would give them would be to re-read his original charge on that subject, and the jurors elected not to have the original charge re-read to them."

*Kirk* v. *State* (1846), 14 Ohio 511, and *Jones* v. *State* (1875), 26 Ohio St. 208, are cited by appellant in support of his contention that the private communication with the jury by the trial judge constituted denial of a fair trial.

The syllabus in *Kirk* states:

"A court or judge has no right to communicate with the jury respecting the charge of the court, after the jury has retired, except publicly, and in the presence of the accused. To do so is good cause for a new trial."

The holding in *Jones* is to the same effect. The court in that case stated, at page 210:

"It was the right of the plaintiff in error to be

present at each and every instruction given to the jury as to the law of the case.'' *Jones* was approved and followed in *State* v. *Grisafulli* (1939), 135 Ohio St. 87, 19 N. E. 2d 645.

The foregoing authorities establish that the trial judge in the instant cause erred in communicating with the jury out of the presence of appellant.

The question remains whether that error prejudiced appellant's right to a fair trial.

As indicated above, the only evidence of record relative to the communication between the trial judge and jury is the judge's affidavit which was made a part of the record in the Court of Appeals upon appellant's own motion. That affidavit reveals that the trial judge neither gave the jury any additional instructions nor explained those already given. This being the case, appellant's right to a fair trial was not prejudiced by the communication between the judge and jury. *Cf. United States* v. *McNair* (C. A. D. C. 1970), 433 F. 2d 1132. The error, therefore, was harmless beyond a reasonable doubt, *Chapman* v. *California* (1967), 386 U. S. 18, and does not constitute grounds for reversal.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, STERN and P. BROWN, JJ., concur.
CORRIGAN, CELEBREZZE and W. BROWN, JJ., dissent.

CORRIGAN, J., dissenting. I am unable to associate myself with the opinion and judgment of the majority for the reason, merely, of the facts expressed by the trial judge in his affidavit filed in the Court of Appeals on April 6, 1973, and by order of that court made a part of the proceedings in the trial of appellant. Those facts make clear that, during the jury's deliberations and in response to an inquiry from them, the trial judge discussed a matter of law with the jury out of the presence of counsel for defendant or the court reporter. Aptly, Sir Thomas More once observed, ''This poynte is . . . metely playn inough.''

CELEBREZZE, J., dissenting. On the state of the record in this case, I am unable to join with the majority in deciding that the error complained of is harmless.

As was stated in *Jones* v. *State* (1875), 26 Ohio St. 208: "It was the right of the plaintiff in error to be present at each and every instruction given to the jury as to the law of the case. This right was denied to him * * * and *without inquiry as to the correctness of the instruction so given* in his absence, it will be presumed that he was prejudiced thereby." (Emphasis added.)

Further, in *State* v. *Grisafulli* (1939), 135 Ohio St. 87, this court determined that a harmless error statute could not be applied, where, as here, it is a situation "* * * which discloses the clear disregard of a constitutional prerogative."

A court should not communicate with a jury in their deliberation room, nor should a court give the appearance by any action that any part of a trial is veiled in secrecy.

In my opinion, this is a situation where the possibility of harmless error cannot be considered because the probabilities for prejudice are so great as to mandate reversal.

WILLIAM B. BROWN, J., dissenting. I fully concur in the dissenting opinion by Justice Celebrezze because, in my opinion, the most crucial period of a trial is when the jury is deliberating its verdict. Any error occurring at that critical deliberation stage should be presumptively prejudicial, and therefore reversible error.

In this case, the trial judge communicated with the jury outside the presence of defendant or defense counsel. The majority concedes that error intervened, but is satisfied that the judge's communications to the jury were limited and insignificant, and therefore "harmless."

The simple fact that the jury summoned the judge leads me to infer that the jury was uncertain or confused about a significant aspect of the case. In that light, perhaps additional instructions were in order to aid in clearing up the confusion. However, neither defendant nor his coun-

58

sel· were present to urge that the jury's questions be answered. Defendant was without the assistance of counsel at this most critical stage of the case. "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser* v. *United States* (1942), 315 U. S. 60, 76.

Accordingly, I dissent.