Defendant-appellant Gerald Ambler, Jr. (appellant) appeals from his conviction for attempted grand theft motor vehicle. For the following reasons, we reverse the judgment of the trial court and remand this case for a new trial.
On June 8, 1999, the grand jury issued an indictment charging appellant with one count of attempted grand theft motor vehicle. At his arraignment on June 22, 1999, appellant entered a plea of not guilty.
The jury trial of this case commenced on September 8, 1999. During deliberations, the jury sent the following question to the judge:
 We would like to know if a single juror votes, quote, not guilty, unquote, is the final verdict not guilty for the entire jury. (Tr. 278.)
Without consulting either party, the trial court provided the jury with the following ex parte response:
 You were instructed that this must be a unanimous verdict and your deliberations are to continue. (Tr. 278-279.)
After further deliberation, the jury returned a verdict finding appellant guilty of attempted grand theft motor vehicle. In a journal entry filed on September 20, 1999, the trial court sentenced appellant to a prison term of twelve months. Therefrom, appellant filed a timely notice of appeal with this court.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ANSWERING THE JURY QUESTION WITHOUT NOTICE TO AND OUTSIDE THE PRESENCE OF COUNSEL.
In his first assignment of error, appellant challenges the trial court's ex parte communication with the jury. As a general rule, a criminal defendant has a fundamental right to be present when a court communicates with the jury after deliberations are under way. State v. Schiebel (1990), 55 Ohio St.3d 71, 90. Any communication with the jury outside the presence of the defendant or parties to a case by the trial court is error which may warrant the ordering of a new trial. Id. at 84.
However, a trial court's ex parte communication with the jury does not mandate reversal if it did not prejudice his right to a fair trial. State v. Wilson (1996), 113 Ohio App.3d 737, 747, citing State v. Abrams (1974), 39 Ohio St.2d 53, paragraph two of the syllabus. When the trial judge merely reiterates the previously given instructions, the defendant's right to a fair trial is not prejudiced by the communication between the judge and jury. Abrams, at 56.
Examples of prejudicial conduct include giving the jury additional instructions, explaining previously given instructions to the jury, or advising the jury that a verdict one way or another is required. See Bostic v. Connor (1988),37 Ohio St.3d 144, at fn. 6.
In the instant case, the trial judge erroneously communicated with the jury outside the presence of the defendant and his counsel. The trial court did not simply restate its previous instructions. Under the circumstance of this case, we are unable to find that the trial court's conduct was harmless beyond a reasonable doubt.
Based upon the foregoing, we sustain appellant's first assignment of error. The judgment of the trial court is reversed, and this case is remanded for a new trial.
 II. APPELLANT GERALD AMBLER'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 III. APPELLANT GERALD AMBLER'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
As for his second and third assignments of error, appellant challenges the sufficiency and manifest weight of the evidence presented at trial. Based upon our disposition of the first assignment of error, appellant's remaining arguments are moot. Pursuant to App.R. 12(A)(1)(c), we decline to address the issues raised in the second and third assignments of error.
Judgment reversed.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and JAMES D. SWEENEY, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE