JOURNAL ENTRY AND OPINION
Appellant, Alberto Alvarado, appeals from the judgment of the Cuyahoga County Court of Common Pleas which convicted him of two counts of trafficking in heroin in violation of R.C. 2925.03.
On April 17, 2000, while conducting surveillance on Walton Avenue in Cleveland, Ohio, two detectives from a vice unit of the Cleveland Police Department observed appellant sell heroin in two separate transactions. On June 19, 2000, the Cuyahoga County Grand Jury indicted appellant on two counts of possession of heroin in an amount less than one gram, in violation of R.C. 2925.11; two counts of trafficking in heroin, in violation of R.C. 2925.03; two counts of preparation of drugs for sale, in violation of R.C. 2925.07; and one count of possession of criminal tools, in violation of R.C. 2923.24. The trafficking and preparation for sale charges contained juvenile and schoolyard specifications pursuant to R.C. 2925.01(BB) and R.C. 2925.03(C)(2)(b), respectively.
A jury trial commenced, and on August 7, 2000, the jury returned a verdict finding appellant guilty of two counts of trafficking in heroin, both fifth degree felonies. The jury was hung as to one count of possession and found appellant not guilty of the remaining charges and specifications. On August 29, 2000, the trial court sentenced appellant to eleven months of incarceration on each count of trafficking, to be served consecutively. From his judgment of conviction, appellant appeals and assigns the following errors:
 I. THE TRIAL COURT ERRED BY IMPROPERLY RESPONDING TO NUMEROUS WRITTEN QUESTIONS SUBMITTED BY THE JURY.
 II. THE COURT ERRED BY ORDERING DEFENDANT TO SERVE CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUISITE FINDINGS ON THE RECORD.
In his first assignment of error, appellant contends that he is entitled to a new trial because the trial court, outside the presence of the parties or their counsel, responded to several written questions presented by the jury. Appellant maintains that on Friday, August 4, 2000, the jury posed various questions to the court which the court answered, but that the communications were not revealed to the parties until Monday, August 7, 2000.
On August 7, 2000, the trial court informed the parties that the following communications between it and the jury had occurred on August 4th:
 THE COURT: On Friday, during your deliberations, the Court received the following written communication from the jury foreman, Mr. Koci: `If we as a jury do not reach a verdict on all seven counts, are we considered to be a hung jury, or can we return a verdict on less than seven counts?' * * *
 I was consulted about this question, and instructed my bailiff, Miss Bixel, to write you back as follows, and I quote: `You should reach a verdict on each and every count that you can reach a verdict on. You should then retire for the day and return on Monday in the morning for further instruction.' End of quote.
 The next communication during your deliberation on Friday was as follows from the jury, and signed by your foreman, Mr. Koci: `Under count seven, possession of criminal tools, it states that `purpose' has been previously * * * defined. However, it does not appear as a definition anywhere in the jury instructions. May we have a definition.'
* * *
 Now, the next communication or the next question in the same communication from this jury on Friday was as follows, and I quote, `To find the Defendant guilty or not guilty under count seven, * * * must we find that the tools were intended for use in the felonies alleged on or about April 17, 2000, in Cuyahoga County, Ohio?'
* * *
 Ladies and gentlemen of the jury, the answer to that question, which I will answer for the first time right now, is you should go back and read the instruction on count seven to answer that question. I believe it is self-explanatory.
 Now, the next communication on this same piece of paper is: `What do we do if one or more jurors isn't able to return on Monday?'
 I do not believe that question was answered in any other respect than the following instruction that I caused to be written out. My communication I caused to be written out and given to you by the bailiff at that time was the following: `Stop your deliberations now. You need to return on Monday, 8-7 at a time convenient for all of you * * *, so all of your questions can be answered in the courtroom.'
 The next communication received from this jury was as follows, from your foreman, Mr. Koci: `We are very close in our deliberations.
We want to continue our deliberations today.
 Can we continue? We would like to work to 5:00 p.m.' Signed by Mr. Koci.
 I caused the following communication to be sent to you, and I quote: `No. The Judge said stop now, and that's what that means.
Please consult about the time on Monday.'
 And then we received the following communication subsequently from the jury, signed by Mr. Koci: `We would like to return at 8:00 a.m. Is that okay?' End of quote.
 And it is answered as I instructed the bailiff: `Okay' was what I caused her to write back to you.
During the recitation of the above communications, the trial court realized that it had failed to give the jury an instruction on the definition of purpose; the trial court verbally defined purpose and gave the jury a written definition before it returned to its deliberations.
In State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, the Ohio Supreme Court discussed when a new trial should be ordered due to a court's ex parte communications with the jury.
 As a general rule, any communication with the jury outside the presence of the defendant or parties to a case by either the judge or court personnel is error which may warrant the ordering of a new trial. Rushen v. Spain (1983), 464 U.S. 114; Remmer v. United States (1954), 347 U.S. 227; Bostic v. Connor (1988), 37 Ohio St.3d 144, 149, 524 N.E.2d 881, 886; State v. Abrams (1974), 39 Ohio St.2d 53, 313 N.E.2d 823. Such private communication out-side the presence of the defendant does not, however, create a conclusive presumption of prejudice. Remmer v. United States, supra, at 229; State v. Jenkins (1984), 15 Ohio St.3d 164, 236-237, 473 N.E.2d 264. Id. at 84.
In State v. Ambler (Aug. 31, 2000), Cuyahoga App. No. 77103, unreported, this court recently held that the defendant was prejudiced by the trial court when it engaged in the following ex parte communication. The jury asked "if a single juror votes, quote, not guilty, unquote, is the final verdict not guilty for the entire jury." The trial court responded, "You were instructed that this must be a unanimous verdict and your deliberations are to continue." This court reasoned that the above communication was prejudicial because it did not merely restate previously given jury instructions.
Because the ex parte communications in the case sub judice involved more than a restatement of jury instructions, we conclude that the trial court's communication with the jury was prejudicial to appellant and warrants the ordering of a new trial. Appellant's first assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for a new trial.
In his second assignment of error, appellant contends that the trial court's sentence must be vacated and the case remanded for resentencing because the trial court failed to make the requisite findings before it imposed consecutive sentences upon him. The disposition of appellant's first assignment of error renders this assignment moot; however, because we agree with appellant's contention, we will briefly discuss the requirements for imposing consecutive sentences so that the trial court will not repeat the error at appellant's new trial.
The imposition of consecutive sentences is governed by R.C.2929.14(E), which provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutivelyif the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code its reasons for imposing the consecutive sentences; * * *
At the sentencing hearing, the trial court contemplated that it could sentence appellant to consecutive terms of incarceration if it found that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger posed by him; however, because the trial court did not proceed to make that finding on the record, it failed to comply with the mandates of R.C. 2929.14(E)(4).
Reversed and remanded for new trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS. TIMOTHY E. McMONAGLE, P.J., CONCURS WITH SEPARATE CONCURRING OPINION. (SEE ATTACHED CONCURRING OPINION)