While I concur with the majority's decision, I write separately to elaborate my reasons for doing so.
A criminal defendant has a fundamental right to be present during all stages of a trial, including when a court communicates with a jury after deliberations are commenced. State v. Schiebel (1990), 55 Ohio St.3d 71,90. A court's failure to include the defendant in any such communications is error that may warrant a new trial if the defendant can demonstrate prejudice. Id. at 84. Conversely, if prejudice cannot be demonstrated, then reversal for a new trial is unwarranted. State v. Abrams (1974),39 Ohio St.2d 53, paragraph two of the syllabus. Prejudice has been found where the ex parte communication between the judge and jury involved the possibility that the jury's verdict might have been influenced by the judge's response to the jury. Bostic v. Connor (1988), 37 Ohio St.3d 144,149. Examples include, inter alia, (1) the giving of additional instructions; (2) the explanation of instructions; or (3) advising that a verdict one way or the other is required. Id. at fn. 6. Merely restating previously given instructions, however, has not been found to be prejudicial. Abrams, 39 Ohio St.3d at 56.
Here, the court's communications with the jury outside the presence of the parties involved more than restating previously given instructions. During the course of these communications, it became apparent to the trial court that it had failed to give the jury an instruction on the definition of purpose. By this time, however, the jury had already deliberated at length and without proper instruction. Without wanting to do so, the jury was instructed by the court to cease its deliberations and return the following Monday at which time the court properly instructed the jury before it continued its deliberations.
Nonetheless, it is the interval between the trial court's failure to properly instruct the jury on the definition of purpose and its eventual mandate to cease deliberations that causes me consternation. During this time, the jury was without proper instructions and therefore left to its own devices as how to define an element of an offense. The potential for prejudice in such a situation is too great to ignore as harmless error. It is the trial court's lack of timely response to the jury's inquiry and the corresponding interval without proper instruction that creates the prejudice in this case and denied appellant a fair trial.