OPINION
Defendant-appellant, Joseph S. Shenoda, appeals from a judgment of the Franklin County Municipal Court finding him guilty of domestic violence, in violation of R.C. 2919.25(A).
On the evening of October 1, 2000, defendant was arrested and charged with one count of domestic violence and one count of assault in connection with an incident earlier in the evening involving his wife, Kimberly Shenoda. Beginning April 2, 2001, defendant was tried before a jury on the domestic violence and assault charges. On April 5, 2001, the jury found defendant guilty of domestic violence, but not guilty of assault. The trial court subsequently imposed sentence. Defendant appeals from his conviction and sentence assigning the following errors:
ASSIGNMENTS OF ERROR
 I. DEFENDANT SHOULD HAVE BEEN ACQUITTED FOR THE JURY VERDICT OF GUILTY OF DOMESTIC VIOLENCE AND INNOCENT OF ASSAULT WHERE THE RELATIONSHIP WAS NOT CONTESTED BECAUSE THESE TWO VERDICTS WERE INCONSISTENT VERDICTS AND CONSTITUTED A VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION, AND/OR CONSTITUTED AN IMPLIED ACQUITTAL UNDER OHIO LAW.
 II. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT ERRED IN NOT EXCUSING FOR CAUSE JURORS WHO WERE VICTIMS OR RELATED TO VICTIMS OF DOMESTIC VIOLENCE, AND/OR BECAUSE OF JURY BIAS AND/OR THE COURT PROHIBITED VOIR DIRE ON BIAS OF RACE OF ARAB.
 III. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT ADMITTED EVIDENCE RELATING TO PRIOR UNCHARGED INCIDENTS OF DOMESTIC VIOLENCE.
 IV. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT ADMITTED EVIDENCE RELATING TO UNCHARGED INCIDENT OF ANOTHER CRIME AND PERMITTED PROSECUTION TO ELICIT FROM DEFENDANT THAT HE VIOLATED CRIMINAL PROTECTION ORDER WHEN HE SAW HIS WIFE AT A RESTAURANT TO OBTAIN RECANTMENT, EXCULPA-TORY EVIDENCE, AND ACCUSED DEFENDANT OF COMMITTING ANOTHER CRIME BEFORE THE JURY.
 V. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT INSTRUCTED THE JURY ONLY TO CONSIDER EVENTS ON THE NIGHT OF THE ALLEGED INCIDENT WHICH PREVENTED JURY FROM CONSIDERATION OF RECANTMENTS AND DEFENSE WITNESSES AND EVIDENCE.
 VI. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT PREVENTED EVIDENCE AND CONSIDERATION OF DEFENDANT'S TAKING HIS WIFE TO HOSPITALS AND SAVING HER LIFE TWO TIMES, ONCE SEVERAL DAYS PRIOR TO THE ALLEGED INCIDENT, AND OTHER EVIDENCE RELATING TO HIS CHARACTER, LACK OF MOTIVE, TRUTHFUL AND NON-VIOLENT REPUTATION, WHILE ADMITTING EVIDENCE RELATING TO LYING, ADULTERY, AND OTHER PREJUDICIAL EVIDENCE.
 VII. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT PREVENTED EVIDENCE AND CONSIDERATION OF MEDICAL RECORDS OF THE WIFE REFLECTING THAT WIFE WAS MENTALLY ILL AND UNTREATED, AND/OR WAS HIGH ON DRUGS/ALCOHOL THE DATE OF THE INCIDENT AND/OR AT TRIAL AND THE COMPETENCY HEARING FOR THE WIFE WAS INSUFFICIENT AND SHE WAS INCOMPETENT.
 VIII. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE NEIGHBOR WITNESS COMMITTED PERJURY AND WAS PHYSICALLY UNABLE TO RECALL DATES, EVENTS AND TIMES AS SHE TESTIFIED TO. * * * MOREOVER, DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE COURT ENTERED THE JURY ROOM AND SUMMARIZED TESTIMONY CONTRARY TO THE ACTUAL TESTIMONY.
 IX. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE THE COURT MADE OTHER EVIDENTIARY ERRORS THAT WERE HARMFUL, INCLUDING THE ENTIRE RELATIONSHIP, THE EXPERT WITNESS, DEFENDANT'S SAVING HIS WIFE'S LIFE SEVERAL DAYS BEFORE THE INCIDENT, WIFE'S FOUR RECANTMENTS, CROSS-EXAMINATION OF POLICE OFFICER, UNLAWFUL IMPEACHMENT OF DEFENDANT.
 X. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, OR WAS BASED UPON INSUFFICIENT EVIDENCE.
 XI. DEFENDANT SHOULD HAVE BEEN GRANTED A NEW TRIAL BECAUSE HE WAS DEPRIVED OF A FAIR TRIAL CONTRARY TO THE GUARANTEES OF DUE PROCESS AND EQUAL PROTECTION BASED UPON RACE OF THE UNITED STATES CONSTITUTION.
 XII. THE COURT ERRED IN NOT CORRECTING THE TRIAL TRANSCRIPT AS REQUESTED, AND/OR HOLDING A HEARING ON THE MOTION WHICH DENIED DEFENDANT PROCESS AND EQUAL PROTECTION GUARANTEES OF THE U.S. CONSTITUTION.
We will address defendant's assignments of error out of order, beginning with his eighth assignment of error. Among the several issues raised under defendant's eighth assignment of error is a claim that the trial judge's conduct in entering the jury room to respond to several questions posed by the jury entitles him to a new trial. The trial transcript reveals that shortly after retiring to deliberate, the jury presented the judge with several written questions. In response, the trial judge entered the jury room with the court reporter and provided the jury with an oral summary of the testimony of Millie Brown, a witness for the state, and reinstructed the jury as to its duty to consider each count separately. Although the trial judge was accompanied by the court reporter, neither counsel for the state or defendant, nor defendant himself was present when the judge spoke to the jury.
A criminal defendant has a right to be present at all stages of the proceedings against him, including any communications between the trial judge and the jury. City of Columbus v. Bright (June 21, 1984), Franklin App. No. 83AP-857; Crim.R. 43. Further, it is well-established that "any communication between judge and jury that takes place outside the presence of the defendant * * * is error which may warrant the ordering of a new trial." Bostic v. Connor (1988), 37 Ohio St.3d 144, 149.
The state argues, however, that even if the trial court's actions constituted error, the error was harmless, as the evidentiary summary and instructions that the judge gave the jury were accurate. We need not reach this issue, as the case law is clear that where a trial court provides the jury with further instructions or other substantive information out of the presence of the defendant, prejudice is presumed and a new trial must be ordered. Jones v. State (1875), 26 Ohio St. 208,208-210; Kirk v. State (1846), 14 Ohio 511, 513; State v. Niblick (Apr. 16, 1984), Clermont App. No. CA1206; Bright, supra; United States v. United States Gypsum Co. (1978), 438 U.S. 422, 98 S.Ct. 2864. Here, the trial judge's communications with the jury were quite substantive, involving the provision of an oral summary of a portion of a witness's testimony and reinstruction regarding the jury's duty to consider each count separately.
The few cases, in which a trial court's communication with the jury out of the defendant's presence has been found not to require the granting of a new trial, are factually distinguishable from the instant case. See Bostic, supra, at 149-150, and State v. Abrams (1974), 39 Ohio St.2d 53,55-56 (concluding that the trial court's communi-cation with the jury constituted harmless error). In both Bostic and Abrams, the trial judges' communications with the jury were very brief and nonsubstantive. In Bostic, the trial court's communication with the jury was limited to a simple denial of the jury's request for written instructions. Id. at 149-150. Similarly, in Abrams the trial court responded to the jury's request for further instructions by telling them that the only further instruction he would give would be to reread his original charge, which the jury refused. Id. at 55-56. But cf. State v. Beasley (Jan. 10, 1989), Franklin App. No. 87AP-899 (granting a new trial where the trial judge's communication with the jury was limited to telling the jury that the requested instruction had already been given). Although Bostic and Abrams involved factual scenarios that did not require the granting of new trials, both cases support the proposition that substantive communication between a trial judge and the jury out of the defendant's presence are presumed to be prejudicial and require that the defendant be afforded a new trial. Bostic, at 149; Abrams, at 55.
The state also contends that defendant waived his right to raise the trial court's communication with the jury by failing to object to procedure at trial. The state is correct that the record in the instant case contains no indication that defendant objected to the trial court's communication with the jury. However, it is unclear from the record whether counsel was even present in the courtroom when the trial court made the decision to enter the jury room. Further, even if defense counsel was present and failed to object or agreed to the procedure employed, the trial court's actions in communicating with the jury without counsel or defendant present is so fraught with the possibility of prejudice that it constitutes plain error. See Jones, supra, at 209-210 (holding that trial court's reading of additional instructions to jury without defendant present provided grounds for a new trial, even though defense counsel failed to object to the court's action); United States Gypsum Co., supra, at 459-462 (holding that new trial was justified where trial court communicated with the jury foreman out of the presence of the defendant and counsel, despite the fact that counsel had agreed to the procedure in advance).
Based on the foregoing discussion, defendant's eighth assignment of error is sustained to the extent indicated.
Because our resolution of defendant's eighth assignment of error necessitates that defendant be afforded a new trial, defendant's remaining assignments of error are moot,[1] and we decline to address them. App.R. 12(A)(1)(c).
Having sustained defendant's eighth assignment of error to the extent indicated, and having found defendant's remaining assignments of error to be moot, we reverse the judgment of the trial court and remand this matter to the Franklin County Municipal Court for further proceedings consistent with this opinion.
Judgment reversed, case remanded.
BRYANT and PETREE, JJ., concur.
[1] Defendant's tenth assignment of error purports to challenge the sufficiency of the evidence supporting his conviction, an issue that, due to double jeopardy considerations, is not rendered moot by the granting of a new trial. However, the arguments contained under defendant's tenth assignment of error do not challenge the sufficiency of the evidence, but, rather, challenge the weight of the evidence, an issue that may be mooted by the granting of a new trial.