**The STATE of Ohio, Appellee,**

**v.**

**LETT, Appellant.**

[Cite as *State v. Lett,* 160 Ohio App.3d 46, 2005-Ohio-1308.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84696.

Decided March 24, 2005.

48

[redacted]

William D. Mason, Cuyahoga County Prosecuting Attorney, and Edward J. Corrigan, Assistant Prosecuting Attorney, for appellee.

Paul Mancino Jr., for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Anthony Lett, appeals his convictions and sentence. Finding some merit to the appeal, we reverse the judgment in part and remand the cause for a new trial.

{¶ 2} In 2003, Lett was charged with kidnapping, felonious assault, attempted aggravated murder, grand theft, aggravated robbery, and arson, all of which contained firearm specifications. Lett was also charged with one count of having a weapon while under a disability. All charges were tried to a jury except the weapon-under-disability charge, which was tried to the bench. The following evidence was presented at trial.

{¶ 3} In May 2003, Lett was a back-seat passenger in a vehicle driven by Lakeitha Small. The vehicle also contained three other passengers, including Gary Crump. According to Crump, the purpose of the "night out" was to rob someone. He testified that all the occupants of the vehicle were aware of the plan. Crump had a gun, which belonged to Lett. Crump spotted a vehicle with custom tire rims. The focus of the evening turned to this vehicle driven by Donte Driscal.

{¶ 4} Small followed Driscal for a few blocks before pulling beside him. She engaged in conversation with Driscal and asked him to pull over to exchange phone numbers. Driscal testified that he had seen only Small and another female in Small's car.

{¶ 5} Driscal exited his vehicle when he saw Small exiting hers. They met between their cars and discussed exchanging telephone numbers. Small indicated that she needed to get something from her vehicle and walked back toward her car, as Crump had previously instructed her to do. Crump then exited Small's vehicle and pointed a gun at Driscal, demanding that he empty his pockets. Lett also exited the vehicle and stood behind Crump. Driscal handed Crump his keys. Crump then raised the gun and attempted to strike Driscal; however, Driscal grabbed for the gun and a struggle followed. During the struggle, the gun discharged several times, shooting Driscal.

{¶ 6} Crump left the scene in Driscal's vehicle while Small and the other two females left in her car. Crump testified that Lett attempted to ride with him but he left too quickly. However, in Crump's statement to police, he indicated that Lett rode with him.

{¶ 7} Crump drove Driscal's vehicle to Karen Hunter's house in order to strip it. Crump testified that Lett helped him gather the tools needed to remove the vehicle's tire rims, televisions, stereo, and speakers. Crump testified that Lett helped him set fire to Driscal's vehicle in a vacant lot near Hunter's house. The following day, Lett and Crump sold the rims for $3,200 and split the money.

{¶ 8} Cleveland Police Officer Steven Cornacchione testified that he responded to a call that evening and found a young male lying on the sidewalk bleeding. Cornacchione testified that the victim told him that he had been approached by two males who demanded his car and shot him.

{¶ 9} The jury found Lett guilty of kidnapping, grand theft, felonious assault, and arson, with an additional finding that the value of the property involved was $500 or more. Lett was found not guilty of all the other charges, including the firearm specifications. The court found Lett guilty of having a weapon while under a disability.

{¶ 10} The court sentenced Lett to ten years for kidnapping, eight years for grand theft, 18 months each for arson and felonious assault, and one year for having a weapon while under a disability, for a total sentence of 11 1/2 years.

{¶ 11} Lett appeals his convictions and sentence, raising ten assignments of error. Finding Lett's fourth assignment of error dispositive, we will address it first.

## Instruction on Accomplice's Testimony

{¶ 12} In his fourth assignment of error, Lett argues that he was denied due process of law when the court refused to give a jury instruction concerning Crump's testimony.

{¶ 13} When an accomplice testifies on behalf of the state in exchange for a plea agreement, there is a possibility the accomplice's testimony may be self-serving and biased. Therefore, R.C. 2923.03(D) requires that the court give the jury a special instruction on the credibility of accomplices. In compliance with R.C. 2923.03(D), the court is mandated to charge the jury as follows:

The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.

{¶ 14} The above instruction is proper where there is some evidence of complicity, *State v. Moritz* (1980), 63 Ohio St.2d 150, 17 O.O.3d 92, 407 N.E.2d 1268, i.e., evidence that one aided or abetted another in committing the offense while acting with the kind of culpability required for commission of the offense. *State v. Turpin*, Cuyahoga App. No. 82658, 2003-Ohio-4955, 2003 WL 22146531, ¶ 16, citing *State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792; *State v. Johnson* (2001), 93 Ohio St.3d 240, 754 N.E.2d 796.

{¶ 15} In *State v. Pope* (July 10, 2003), Cuyahoga App. No. 81321, 2003-Ohio-3647, 2003 WL 21545140, this court stated:

Ohio courts have found that the failure to give this cautionary instruction amounts to plain error. See *State v. Burkhammer* (Jan. 11, 1991), Lake App. No. 89–L–14–096 [1991 WL 1585, 1991 Ohio App. LEXIS 81], citing *State v. McKinney* (Mar. 6, 1990), Franklin App. Nos. 89AP–466, 89AP–467, 89AP–468, and 89AP–469 [1990 WL 20084, 1990 Ohio App. LEXIS 820]; see, also, *State v. Ferguson* (1986), 30 Ohio App.3d 171, 174 [30 OBR 312, 507 N.E.2d 388] "[accomplice testimony] instruction is very important. It serves to alert the jurors that accomplices are witnesses with special motives that the average juror may never before have encountered."

Id. at ¶ 36.

{¶ 16} In the instant case, the court failed to provide this mandated cautionary instruction regarding Crump's testimony, as required by statute and as Lett requested.[1] Therefore, the trial court committed reversible error.

---

1. Although not formally indicted as such, Lett was charged with complicity or aiding and abetting. Ohio law does not require complicity or conspiracy to be charged in the indictment in every instance. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215. A charge of complicity may be stated in terms of the principal offense. R.C. 2923.03(F). See *State v. Dotson* (1987), 35 Ohio App.3d 135, 520 N.E.2d 240, paragraph two of the syllabus.

{¶ 17} Accordingly, Lett's fourth assignment of error is sustained and this matter is remanded for a new trial.

{¶ 18} Although our disposition of Lett's fourth assignment of error clearly moots a majority of the remaining assigned errors, the sufficiency of the evidence assignment must be addressed because a reversal on sufficiency grounds would bar retrial on the counts affected. *State v. Suber*, 154 Ohio App.3d 681, 2003-Ohio-5210, 798 N.E.2d 684, ¶ 30, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652.

### Sufficiency of the Evidence

{¶ 19} In his seventh assignment of error, Lett claims that his convictions are not supported by sufficient evidence, because his mere presence during the commission of the crimes was insufficient to establish that he participated in the crimes.

{¶ 20} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 21} In the instant case, Lett was convicted of kidnapping, grand theft, arson, felonious assault, and having a weapon while under a disability.[2]

{¶ 22} Kidnapping is defined in R.C. 2905.01(A)(3), which provides that no person, by force, threat, or deception shall remove another from the place where the person is found or restrain the liberty of the person in order to terrorize or to inflict serious physical harm on the victim.

{¶ 23} R.C. 2903.11(A)(2) governs felonious assault and provides that no person shall cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

{¶ 24} Grand theft, as defined in R.C. 2913.02(A)(1) and (B)(5), provides that no person, with the purpose to deprive the owner of property, to wit, a motor

---

2. Lett's conviction for having a weapon while under a disability will be discussed under his eighth assignment of error.

vehicle, shall knowingly obtain or exert control over the vehicle without the consent of the owner or person authorized to give consent.

{¶ 25} R.C. 2909.03(A)(1) governs arson and provides that no person, by means of fire or explosion, shall knowingly cause, or create a substantial risk of, physical harm to any property of another without the other person's consent.

{¶ 26} Ohio's complicity statute, R.C. 2923.03(A), provides:

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

\* \* \*

(2) Aid or abet another in committing the offense.

{¶ 27} In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. *State v. Sims* (1983), 10 Ohio App.3d 56, 10 OBR 65, 460 N.E.2d 672. "[T]he mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner* (1982), 69 Ohio St.2d 267, 269, 23 O.O.3d 265, 431 N.E.2d 1025. Additionally, even if the accused has knowledge of the commission of the crime, his presence at the scene is not enough to convict him of aiding and abetting. *State v. Cummings* (Apr. 21, 1992), Franklin App. No. 90AP–1144, 1992 WL 82783, citing *United States v. Head* (C.A.6, 1991), 927 F.2d 1361, 1373; *State v. Woods* (1988), 48 Ohio App.3d 1, 2, 548 N.E.2d 954.

{¶ 28} A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. *State v. Johnson*, 93 Ohio St.3d 240, 245–246, 754 N.E.2d 796. "Such intent may be inferred from the circumstances surrounding the crime." Id. at 246, 754 N.E.2d 796.

{¶ 29} Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed. *State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 444 N.E.2d 68, citing *State v. Pruett* (1971), 28 Ohio App.2d 29, 34, 57 O.O.2d 38, 273 N.E.2d 884. Aiding and abetting may also be established by overt acts of assistance such as driving a getaway car or serving as a lookout. Id. at 150, 3 OBR 163, 444 N.E.2d 68. See *State v. Trocodaro* (1973), 36 Ohio App.2d 1, 65 O.O.2d 1, 301 N.E.2d 898.

{¶ 30} In the instant case, we cannot say that Lett was merely present during the commission of the carjacking. Lett's actions are not analogous to those of the two unidentified women in Small's vehicle. Instead, Lett played a more active role in the commission of these crimes before, as, and after they

occurred. Crump testified that Lett, as one of the occupants in the vehicle, knew that he had a gun and why he had the gun—to rob someone. Crump testified that the gun belonged to Lett and that Lett had told him where to find the gun. Crump testified that all five occupants of the vehicle were involved in a plan to rob someone.

{¶ 31} After Small lured Driscal out of his vehicle and headed back to her car, Driscal testified that two men emerged from Small's vehicle. Driscal testified that the man with the gun (Crump) told him to empty his pockets. Driscal testified that the second man did not speak, but stood behind Crump as he pointed a gun at Driscal. Driscal could not describe what the second man had done because he was more focused on the man with the gun, although he admitted that the second man did not hit him, shoot him, yell, or have a gun. Additionally, Driscal could not identify Lett as the second man. However, Crump testified that Lett was in the vehicle and was present when the carjacking took place.

{¶ 32} After Crump shot Driscal with Lett's gun, Crump drove off in Driscal's vehicle. Lett attempted to ride with Crump, but Crump drove away too quickly.

{¶ 33} Crump testified that he had later joined Lett at Hunter's house, where Lett helped him gather the tools needed to dismantle Driscal's vehicle. Crump testified that Lett helped him move the tire rims into Hunter's house and accompanied him when they set fire to the vehicle in a vacant lot. According to Crump, Lett told him to "torch" the vehicle.

{¶ 34} Crump testified that, on the following day, he and Lett removed the items from Hunter's house, sold the rims for $3,200, and split the money. When asked why he shared the money with Lett, Crump replied, "[B]ecause he was in on it."

{¶ 35} Hunter testified that she did not see Lett helping Crump move the items out of her kitchen, although she told the police in her statement that both Lett and Crump took the items out of her kitchen.

{¶ 36} Based on the foregoing testimony, and viewing it in the light most favorable to the prosecution, we find that there was sufficient evidence to support Lett's convictions.

{¶ 37} Accordingly, his seventh assignment of error is overruled.

### Weapon–While–Under–Disability Conviction

{¶ 38} Although we find that this matter should be remanded for a new trial, we will consider the assignment of error regarding the weapon-while-under-disability charge because it was tried to the bench and the lack of an accomplice jury instruction was not detrimental to this conviction.

{¶ 39} In his eighth assignment of error, Lett argues that he was denied due process of law when the court found him guilty of having a weapon while under a disability after the jury had expressly found on all counts that he did not possess a firearm. He claims that the trial court's determination that he possessed a firearm was an inconsistent verdict to such an extent that he was placed twice in jeopardy on this issue.

{¶ 40} In support of his argument, he cites *State v. Cordle* (Jan. 8, 1985), Franklin App. No. 84AP–484. In *Cordle,* the jury found that the defendant did not operate a motor vehicle. However, the court found the defendant guilty of operating a motor vehicle without reasonable control. In reversing the trial court, the appeals court held:

> Where a single issue is sent to the jury, and the issue negates an element of the offense simultaneously tried to the court, the trial judge must defer to the finding of the jury on that issue so as to preserve that issue for jury trial and to preclude a later judgment contrary to the jury verdict.

Id. at 6.

{¶ 41} We find *Cordle* distinguishable from the instant case because the offense of having a weapon while under a disability and the firearm-specification charges involve different elements and the conviction of one does not preclude the conviction of the other.

{¶ 42} R.C. 2923.13(A)(3) provides that no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if "[t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶ 43} R.C. 2941.141 and 2941.145 govern the imposition of firearm specifications. R.C. 2941.141 provides that a one-year mandatory prison term shall be imposed if the "offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.145 provides that a three-year mandatory prison term shall be imposed if the "offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

{¶ 44} While the evidence was insufficient to convict Lett of a firearm specification, the evidence was sufficient to support his conviction of having a weapon while under a disability, specifically that he "acquired" or "had" a firearm.

{¶ 45} Crump testified that the gun that was used to threaten and shoot Driscal belonged to Lett. He further testified that Lett kept the gun under the

porch of Hunter's house. Although Crump's testimony may be considered self-serving, it is undisputed that Crump was the one who actually possessed the gun and shot Driscal. Therefore, ownership was not relevant to Crump's defense. Moreover, Hunter testified that she saw Lett with another gun at her home. While she testified that Lett told her that the gun was not his, Lett still acquired it from someone and had it in his possession. It is also undisputed that Lett was convicted of drug possession in 2000 and 2002, thus he was under a disability.

{¶ 46} Therefore, we find that the trial court did not err in convicting Lett of having a weapon while under a disability.

{¶ 47} Accordingly, the ninth assignment of error is overruled.

Judgment reversed in part
and cause remanded for new trial.

PATRICIA ANN BLACKMON, A.J., and ANTHONY O. CALABRESE JR., J., concur.