OPINION
{¶ 1} Bobby Muncy appeals from his conviction and sentence in Montgomery County Common Pleas Court on one count of felonious assault with a firearm specification.
 {¶ 2} In his sole assignment of error, Muncy contends the trial court erred by allowing the prosecution to introduce into evidence a post-arrest videotape in which he made incriminating statements. Muncy argues that the recording was inadmissible under Miranda v. Arizona
(1966), 384 U.S. 436, because his statements were the product of a custodial interrogation and were obtained without a waiver of hisMiranda rights. Muncy also argues that the recording should have been excluded under Evid.R. 403(A) because its probative value was substantially outweighed by the danger of unfair prejudice.
 {¶ 3} The present appeal stems from a shooting that occurred inside a home at 186 Woburn Farm Circle. The State's evidence at trial showed that Ashley Schulte was there "partying" with three friends — George Abernathy, Chad Poochowski, and Muncy — on the evening of March 28, 2005. After smoking marijuana and consuming Xanax pills until early the next morning, the friends fell asleep. At some point, Schulte and Poochowski awoke on the living room couch and went into a bedroom where Muncy was sleeping. There they took some marijuana that Muncy had in a shoe. Schulte and Poochowski rolled the marijuana into a "joint" "before returning to the couch and falling asleep again. Sometime later, Schulte awoke to the sound of a loud bang and discovered that she had been shot in the breast. When she opened her eyes, Schulte saw Muncy standing near her and placing a handgun in his waistband. Schulte told Muncy, "You just shot me." He responded by saying, "I got to go, my ride's here." *Page 3 
Muncy then walked out the door. According to Schulte, the only other person in the room was Poochowski, who remained on the couch next to her. Muncy later surrendered to police and showed them where he had hidden the handgun in a nearby woods.
 {¶ 4} Muncy testified in his own defense at trial. He told the jury that he was sleeping in the bedroom when he heard a loud bang. He responded by going into the living room, where he saw Poochowski holding the handgun. According to Muncy, Poochowski handed him the gun and he left to hide it in the woods. Over defense counsel's objection, the prosecutor on cross-examination played part of a videotape showing Muncy in a police cruiser near where the handgun was found. The videotape, which was produced by a local television station, included brief questioning of Muncy about the crime. During the portion of the recording played for the jury, Muncy stated, "Officer, I didn't want to do that to nobody." When asked what had happened, he replied, "It was an accident." The jury later found Muncy guilty of felonious assault with a firearm specification. The trial court imposed two consecutive three-year sentences. This timely appeal followed.
 {¶ 5} In his assignment of error, Muncy challenges the trial court's decision to allow the prosecutor to play the videotape for the jury. Although the recording was produced by a television station, Muncy contends it depicts him responding to a police officer's questions. Because he was handcuffed in the back of a police cruiser at the time, Muncy argues that his responses were the product of a custodial interrogation and that he had not waived his Miranda rights. Therefore, he asserts that his statements were inadmissible under Miranda.
 {¶ 6} Upon review, we find Muncy's argument to be unpersuasive. At trial, the *Page 4 
State conceded that Muncy had not been advised of his Miranda rights and that he was in custody when he made the statements shown on the videotape. The State argued, however, that the statements were not the product of a custodial interrogation because Muncy was responding to questions from a news reporter, not a police officer. The trial court reviewed the recording prior to having it played for the jury and reached the same conclusion. Although Muncy had directed his first statement toward an unidentified officer, the trial court noted that he appeared to be responding to questions from a news reporter. Finding no evidence that Muncy was being questioned by a police officer, the trial court found no custodial interrogation within the meaning ofMiranda and, therefore, no violation of Muncy's Miranda rights.
 {¶ 7} Having reviewed the videotape ourselves, we note that it begins with Muncy speaking into a microphone in the back of the police cruiser. The first statement recorded on the videotape is Muncy's declaration, "Officer, I didn't want to do that to nobody." An unidentified speaker then asks how the shooting happened, and Muncy responds, "It was an accident." Although we cannot say so with certainty, we agree with the trial court that Muncy appears to be speaking to a news reporter despite the fact that he prefaced his first comment with the word "officer."
 {¶ 8} While Muncy now argues that the trial court should have held an evidentiary hearing to determine who asked the questions on the videotape, nothing in the record indicates that he requested such a hearing at trial. Instead, he argued to the trial court that the State bore the burden of proving the absence of a custodial interrogation. It is well settled, however, that "when a defendant seeks to suppress his statements on the basis that he was not given Miranda warnings, he has the burden of *Page 5 
proving by the preponderance of the evidence that he was entitled to those warnings, because he was subjected to a custodial interrogation."[1] United States v. Newton (S.D. Ohio 2003),284 F.Supp.2d 868, 874, citing United States v. Lawrence (6th
Cir. 1989), 1989 WL 153161; see also United States v. Davis
(5th Cir. 1986), 792 F.2d 1299, 1309; United States v.Jorgensen (8th Cir. 1989), 871 F.2d 725, 729. Based on the evidence before us, we find no error in the trial court's conclusion that Muncy failed to prove the existence of a custodial interrogation.
 {¶ 9} Finally, even assuming arguendo that Muncy's statements were the product of a custodial interrogation, we would find no merit in his argument that Miranda compelled their exclusion. In Harris v. NewYork (1971), 401 U.S. 222, 225-226, the U.S. Supreme Court held that a statement inadmissible against a defendant in the prosecution's case-in-chief because of non-compliance with Miranda may be used for impeachment purposes to challenge the credibility of the defendant's trial testimony. See also State v. Hill (1996), 75 Ohio St.3d 195,207-208 (recognizing that a voluntary but un-Mirandized statement may be used for impeachment purposes).
 {¶ 10} Here Muncy testified on direct examination that he was in the bedroom when Schulte was shot. He told the jury that he entered the living room after hearing the shot and saw Poochowski holding a handgun. In light of this testimony, the trial court properly found the State entitled to impeach Muncy on cross examination with his prior *Page 6 
statements that he "didn't want to do that to nobody" and that it "was an accident." Nothing in the record suggests that Muncy's statments on the videotape were given involuntarily. Therefore, the trial court did not err in rejecting his argument and allowing the prosecution to play the videotape.[2]
 {¶ 11} Muncy next contends the videotape was subject to exclusion because its probative value was substantially outweighed by the danger of unfair prejudice. In particular, he argues that the recording had little or no probative value and that it was extremely prejudicial because it showed him handcuffed in the back of a police cruiser.
 {¶ 12} Muncy's argument implicates Evid.R. 403(A), which provides that a court must exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury." When determining whether the probative value of evidence is outweighed by its prejudicial effects, the evidence is viewed in a light most favorable to the proponent, maximizing its probative value and minimizing any prejudicial effect to the party opposing admission. State v. Lakes, Montgomery App. No. 21490,2007-Ohio-325, ]}20. The decision to admit or exclude relevant evidence is committed to the sound discretion of the trial court. Id. We will not disturb a trial court's ruling on the admissibility of evidence under Evid.R. 403(A) absent an abuse of discretion. Id.
 {¶ 13} We find no abuse of discretion in the trial court's admission of the *Page 7 
videotape. The brief portion of the recording presented at trial did show Muncy in the back of a police cruiser, but it did not show his hands cuffed. Muncy's presence in the vehicle conveyed the impression that he had been arrested — and indeed he had been. While the jury's ability to see Muncy in the back of the police cruiser may have had some prejudicial effect, the trial court reasonably could have concluded that the recording's probative value was stronger, insofar as it impeached Muncy's trial testimony. Although the trial court possibly could have allowed the jury to hear the audio portion of the recording without seeing the video, it instead gave a limiting instruction. Before allowing the prosecution to show the recording, the trial court advised the jury as follows: "* * * What I want you to focus on in the videotape is the statements that you believe were made by the Defendant. This is entered into evidence for the limited purpose of evaluating that statement. You are not to presume or infer or suggest any guilt by the setting in which this is in, which is a, a police car. You are only to focus on the statement that is made in this clip." We find no abuse of discretion in the trial court's handling of the videotape.
 {¶ 14} Muncy's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Mark J. Keller
William T. Daly
Hon. Michael T. Hall
[1] Where a custodial interrogation exists, the State bears the burden of establishing compliance with Miranda and a waiver of the defendant'sMiranda rights. State v. Parrish, Montgomery App. No. 21091,2006-Ohio-2677, ]}21. But the threshold burden of demonstrating the existence of a custodial interrogation rests with the defendant. See, e.g, Newton, 284 F.Supp.2d at 868.
[2] Although Evid.R. 613(B) also addresses impeachment with extrinsic evidence of a prior inconsistent statement, Muncy made no objection at trial under this rule. He argued only that the videotape was inadmissible because his statements were given in violation ofMiranda and because the probative value of the statements was substantially outweighed by the danger of unfair prejudice. Therefore, we have no occasion to address Evid.R. 613(B). *Page 1