JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Terry Tucker ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case, appellant was indicted for his role in the aggravated robbery of the victim, Steven Logan. Appellant was charged with two counts of aggravated robbery with firearm specifications and carrying a concealed weapon. During the pretrial phase, counsel for the appellant was provided with full discovery. Appellant exercised his constitutional right to have a trial by jury. However, during the state's case in chief, appellant failed to appear. Consequently, the trial proceeded with appellant in abstention.
 {¶ 3} The state argued that appellant acted as a lookout and was, therefore, complicit in the aggravated robbery of the victim. The jury deliberated and returned a guilty verdict against appellant for the two counts of aggravated robbery. After the guilty verdict, the appellant was capias for several months. As the result of a crime stopper's broadcast, appellant was located in Florida and returned to Cuyahoga County for sentencing. The trial court sentenced appellant to five years in prison. This appeal now follows.
 {¶ 4} According to the facts, on April 1, 2005, at approximately 2:00 a.m., the Cleveland police received a radio broadcast that a man was robbed of his property at *Page 3 
gunpoint. The vehicle's description was a dirty, four-door GMC Jimmy with a temporary tag. After seeing a vehicle matching that description, Officer Michael Legg and his partner followed the vehicle and eventually pulled the vehicle over on Interstate I-90. A felony stop ensued after backup units arrived, and four suspects were removed from the vehicle.
 {¶ 5} Officers conferred with the victim and received a description of the perpetrators. The victim was then driven to the scene to identify the suspects. A cold stance and vehicle search were performed. Police found the victim's property, a gym bag containing wax, and a pair of boots inside the suspect's vehicle. The victim initially told police that one of the suspects was wearing a Browns' jersey. A Browns' jersey was located on the back seat next to appellant when the vehicle was stopped.
 II {¶ 6} First assignment of error: "The state produced insufficient evidence that the defendant acted as the principal offender or in complicity in the commission of a crime."
 {¶ 7} Second assignment of error: "The defendant's conviction was against the manifest weight of the evidence."
 {¶ 8} Third assignment of error: "The trial court failed to instruct the jury pursuant to ORC 2923.03(D) regarding accomplice testimony." *Page 4 
 III {¶ 9} Because of the substantial interrelation between appellant's assignments of error, we shall address them together below. Appellant argues in his first two assignments of error that the state provided insufficient evidence and his conviction was against the manifest weight of the evidence.
 {¶ 10} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 11} In evaluating a challenge to the verdict based on the manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v. Thompkins, supra, at 387. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue *Page 5 
rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 12} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368,370-371, 659 N.E.2d 814. *Page 6 
 {¶ 13} In the instant case, appellant was charged with two counts of aggravated robbery with firearm specifications and carrying a concealed weapon. Appellant argues that there was insufficient evidence to support the aggravated robbery convictions, and the evidence merely indicated that he was present during the robbery and failed to show he aided and abetted in the commission of the crime. We disagree.
 {¶ 14} Under the complicity statute, R.C. 2923.03, the accused may be charged as an offender for the offense committed. The victim in the case at bar testified appellant was standing there "looking around" as the victim was laying face down on the ground and being robbed of his property at gunpoint by two of appellant's co-defendants.[1] After the crime, appellant left in a vehicle with the three co-defendants after they had just robbed the victim at gunpoint.
 {¶ 15} Although a defendant may be charged in an indictment as a principal, the court may instruct the jury on complicity where evidence at trial reasonably supports a finding that the defendant was an aider or abettor. State v. Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, at 4|51. After careful deliberations in this case, the jury found appellant guilty of aggravated robbery under the theory that he aided and abetted his co-defendants in the commission of the crime upon the victim. *Page 7 
 {¶ 16} After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. In addition, there is nothing in the record to suggest that the jury simply lost its way in convicting appellant. The evidence demonstrated appellant was seated in the rear of the suspect's vehicle within inches of a loaded firearm and a Browns' football jersey previously identified by the victim.[2] In addition, substantial direct testimony and additional evidence supporting the verdict was presented at trial.
 {¶ 17} Accordingly, appellant's first two assignments of error are overruled.
 {¶ 18} Appellant agues in his third assignment of error that the lower court failed to instruct the jury pursuant to R.C. 2923.03(D).
 {¶ 19} When an accomplice testifies on behalf of the state in exchange for a plea agreement, there is a possibility that the accomplice's testimony may be self-serving and biased. State v. Small, Cuyahoga App. No. 84768, 2005-Ohio-1316, citing State v. Muntaser, Cuyahoga App. No. 81915, 2003-Ohio-5809. Therefore, R.C. 2923.03(D) requires that the court give the jury a special instruction on the credibility of accomplices.
 {¶ 20} R.C. 2923.03(D) requires the trial court to instruct the jury as follows: *Page 8 
 "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 21} In the instant case, appellant relies on State v. Lett, Cuyahoga App. No. 84696, 2005-Ohio-1308, to support his position that the trial court erred in not providing an instruction for an accomplice's testimony. However, appellant's reliance on Lett is misplaced. In Lett, the trial court refused to give an instruction on the testimony of an accomplice. However, in the case at bar trial counsel never requested the jury instruction on accomplice testimony.
 {¶ 22} Plain error occurs only where "but for the error, the outcome of the trial clearly would have been otherwise." State v. Ballew (1996),76 Ohio St.3d 244, 252, 667 N.E.2d 369, citing to State v.Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332; State v. Cook
(1992), 65 Ohio St.3d 516, 605 N.E.2d 70; State v. Hill (1995),73 Ohio St.3d 433, 653 N.E.2d 271.
 {¶ 23} Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Hill, supra, citing State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804. In determining whether or not reversible error was committed for failure *Page 9 
to give an instruction under R.C. 2923.03(D), the court must consider whether the evidence, without the accomplice's testimony, provided overwhelming proof of the defendant's guilt. State v. Edwards (Feb. 28, 1997), Montgomery App. No. 15750, unreported, citing to State v.Williams (1983), 6 Ohio St.3d 281, 452 N.E.2d 1323.
 {¶ 24} Appellant's counsel may have elected not to ask for this instruction as part of his trial strategy. This is because one of the accomplices, who happened to be appellant's cousin, and one of the gunmen testified in appellant's favor. The accomplice testified appellant had no involvement in the crime. It would not be wise for appellant's counsel to now request an instruction asking the jury to view the testimony of one of its own witnesses with grave suspicion. This court finds appellant's trial counsel's failure to request a jury instruction regarding the testimony of the accomplice to be trial strategy. Assuming arguendo that it was not part of counsel's strategy to avoid the jury instruction, given the evidence in this case it would still only amount to harmless error.
 {¶ 25} Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any *Page 10 
bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and JAMES J. SWEENEY, J., CONCUR.
[1] Tr. 275, 283.
[2] Tr. 211.