[Cite as *State v. Butcher*, 2017-Ohio-4154.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2016CA00207 |
| KRISTIN L. BUTCHER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2016-CR-1465(B)


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 5, 2017

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO,                      AARON KOVALCHIK
Prosecuting Attorney,                 116 Cleveland Avenue NW, Suite 808
Stark County, Ohio                    Canton, Ohio 44702

By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

**{¶1}** Defendant-appellant Kristin Lynn Butcher appeals her convictions on one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2)(C)(6)(e); one count of possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(d); and one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2)(C)(1)(a) as entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 31, 2016, a SWAT team of the Canton Police Department executed a search warrant at 705 Fulton Road N.W., Canton, Ohio, where Appellant and her boyfriend, Damarcus Nicholson, lived with their nine month-old child. At the time the warrant was executed, no one was present in the home. Inside the home, officers found a press containing drug residue, a digital scale, vinyl gloves, razor blades, ammunition, a syringe, and a burnt spoon containing residue. Officers also found five cell phones and a surveillance camera system.

**{¶3}** Prior to the issuance of the search warrant and while surveilling the area surrounding the residence, officers observed an orange jeep operated by Damarcus Nicholson, whom the officers learned did not have a valid driver's license.

**{¶4}** During the execution of the search warrant, officers learned the defendants would be returning to the residence. Officers then observed an orange jeep driven by Nicholson, with Appellant as the passenger. The parties' child was in the backseat. The officers conducted a traffic stop, subsequently impounding and inventorying the vehicle.

{¶5} During the inventory search, a yellow Crown Royal bag was found in the center console, containing a smaller, purple Crown Royal bag, which, in turn, contained smaller baggies of suspected heroin; a digital scale, and a pill bottle containing two bags of a purple substance suspected to be heroin.

{¶6} The parties were placed under arrest. Inside Appellant's purse, officers found one cell phone and an oxycodone/acetaminophen tablet. Codefendant Nicholson had two cell phones and $714 in currency on his person.

{¶7} The officers learned the car was owned by Enterprise Rental Car, and rented in the name of Latonia Billings, Nicholson's mother. Neither Appellant, nor her codefendant Nicholson were named as authorized drivers of the vehicle.[1]

{¶8} Officer Joseph Bays of the Canton Police Department conducted the investigation, and testified the evidence was found to be heroin and fentanyl, and was consistent with trafficking of heroin.

{¶9} Officers obtained a warrant for the cell phones found on the defendants and at the residence. Text messages obtained from the cell phones indicate the parties engaged in the trafficking of heroin. Tr. at 240. The messages state in part someone could "try then buy," the sender was a dealer not a user, and the dealer had a new type of drug, which was cheaper than the previous drug. Tr. at 244.

{¶10} On Appellant's pink cell phone obtained from her purse, the texts indicated Appellant received messages consistent with trafficking in heroin. One message indicated the person wanted "D…to front me a 20," indicating Damarcus would front the person $20

---

[1] We note, although not raised by the state herein, Appellant arguably lacks standing to challenge the evidence seized from the car, as Appellant does not have a possessory interest in the vehicle.

worth of heroin. Others indicated the purchasers would trade a child support card for heroin, a Kindle Fire, employment checks, tattoos, and a car with the title. Most text messages indicated a cash purchase of heroin. [2]

{¶11} On August 10, 2016, the Stark County Grand Jury indicted Appellant on four counts: one count of trafficking in heroin, a Schedule I substance, in violation of R.C. 2925.03(A)(2)(C)(6)(e), a felony of the second degree; one count of possession of heroin, a Schedule I substance, in violation of R.C. 2925.11(A)(C)(6)(d), a felony of the second degree; one count of aggravated trafficking in drugs, fentanyl, a Schedule II substance, in violation of R.C. 2925.03(A)(2)(C)(1)(a), a felony of the fourth degree; and one count of aggravated possession of drugs, oxycodone/acetaminophen, a Schedule II substance, a felony of the fifth degree.[3] Appellant was indicted on the first three counts as both a principal and for complicity with codefendant Damarcus Nicholson.

{¶12} The Bill of Particulars states as to the first count, "Defendants had a heroin press located in the dining room of their home. When stopped shortly thereafter, located in the console of the vehicles [sic] Defendants were driving, was a crown royal bag which contained the heroin, small baggies and a digital scale." The Bill of Particulars reiterated the facts with regard to the fentanyl as charged in Count Three.

{¶13} Following a jury trial, Appellant was convicted of the charges. On October 11, 2016, the trial court entered judgment finding Appellant guilty by jury. Via separate

---

[2] Appellant was often referred to in the messages as "Queen." For purposes of this appeal, we have not restated each text message introduced at trial nor the context of each text message. We find the text messages, in addition to the testimony of law enforcement officers, indicate the trafficking of heroin.

[3] Appellant does not appeal her conviction for aggravated possession of drugs, oxycodone/acetaminophen, in violation of R.C. 2925.11(A)(C)(1)(a).

Judgment Entry of October 11, 2016, the trial court entered sentence, imposing an aggregate twelve month prison term. [4]

{¶14}  Appellant appeals, assigning as error,

{¶15}  I. APPELLANT'S CONVICTIONS ON COUNTS ONE THROUGH THREE OF THE INDICTMENT ARE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

I.

{¶16}  The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶17}  The jury found Appellant guilty of all three counts as indicted. Appellant's codefendant Damarcus Nicholson was indicted and found guilty on the same charges.

---

[4] A recitation of the sentence imposed is unnecessary for resolution of the appeal as Appellant does not assign error in the sentence rendered.

Appellant maintains her convictions were against the manifest weight and sufficiency of the evidence as the State failed to prove she knowingly possessed the drugs at issue.

{¶18}  R.C. 2901.22(B) defines knowingly as,

(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶19} Appellant was charged in the offenses as both a principal and as an accomplice. "Complicity" is defined in R.C. 2923.03(A)(2), which reads,

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

***

(2) Aid or abet another in committing the offense;

***

{¶20} To support a conviction for complicity, the State must demonstrate the defendant supported, assisted, encouraged, cooperated with, advised, or incited the

principal in the commission of the crime, and the defendant shared the criminal intent of the principal. *State v. Johnson* 93 Ohio St.3d 240, 754 N.E.2d 796, 2001-Ohio-1336. Intent may be inferred from the circumstances surrounding the crime. Id.  The fact that defendant did not articulate her intent will not allow her to escape responsibility for her clear actions of complicity by aiding and abetting in the commission of the crimes. Id.

**{¶21}** In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. *State v. Sims* (1983), 10 Ohio App.3d 56, 10 OBR 65, 460 N.E.2d 672. "[T]he mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner* (1982), 69 Ohio St.2d 267, 269, 23 O.O.3d 265, 431 N.E.2d 1025. Additionally, even if the accused has knowledge of the commission of the crime, his presence at the scene is not enough to convict him of aiding and abetting. *State v. Cummings* (Apr. 21, 1992), Franklin App. No. 90AP–1144, 1992 WL 82783, citing *United States v. Head* (C.A.6, 1991), 927 F.2d 1361, 1373; *State v. Woods* (1988), 48 Ohio App.3d 1, 2, 548 N.E.2d 954.

**{¶22}** Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed. *State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 444 N.E.2d 68, citing *State v. Pruett* (1971), 28 Ohio App.2d 29, 34, 57 O.O.2d 38, 273 N.E.2d 884. Aiding and abetting may also be established by overt acts of assistance such as driving a getaway car or serving as a lookout. Id. at 150, 3 OBR 163, 444 N.E.2d 68. See *State v. Trocodaro* (1973), 36 Ohio App.2d 1, 65 O.O.2d 1, 301

N.E.2d 898; *State v. Lett*, 2005-Ohio-1308, ¶¶ 27-29, 160 Ohio App. 3d 46, 52, 825 N.E.2d 1158, 1163.

{¶23} R.C. 2925.03(A)(2) defines the offense of drug trafficking,

(A) No person shall knowingly do any of the following:

\*\*\*

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶24} R.C. 2925.11(A) sets forth the elements of possession of drugs, "(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶25} We find the evidence in the vehicle, coupled with the text messages and evidence obtained during the execution of the search warrant on the residence introduced at trial herein, sufficient to establish Appellant knowingly engaged in the drug activity as a principal and/or as an accomplice. Appellant's convictions are not against the manifest weight and sufficiency of the evidence, and the sole assignment of error is overruled.

{¶26}  The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Wise, John, J. concur