[Cite as *State v. Edwards*, 2018-Ohio-1739.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-016

       Appellee                            Trial Court No. 2016CR0122

v.

Destiny Edwards                           **DECISION AND JUDGMENT**

       Appellant                            Decided:  May 4, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Destiny Edwards, appeals the April 21, 2017 judgment of the Wood County Court of Common Pleas which, following a jury trial finding her guilty of identity fraud and complicity in the misuse of a credit card, sentenced appellant to two years of community control.  For the reasons that follow, the misuse of a credit card conviction is affirmed, but the identify fraud conviction is reversed and vacated.

{¶ 2} The relevant facts of this case are as follows. On April 7, 2016, a two-count indictment was filed charging appellant with identity fraud, R.C. 2913.49(B), a fifth-degree felony, and misuse of a credit card, R.C. 2923.03(A)(2)(F), a fourth-degree felony. The charges stemmed from an incident on March 5, 2016, in Perrysburg Township, Wood County, Ohio, where appellant and another individual were arrested for the alleged unauthorized use of the Best Buy credit card information of a third individual and making purchases totaling $4,907.34.

{¶ 3} On September 14, 2016, appellant filed a motion to suppress any written, oral, or recorded statements of appellant arguing that her statements to police in the Best Buy parking lot were given under duress and coercion and without appellant first being advised of her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A hearing on the motion to suppress was held on December 1, 2016. A Perrysburg Township Police officer and appellant testified. On December 15, 2016, the trial court denied the motion finding that although appellant was not told that she could leave the scene when she was approached by police, she was, in fact, free to walk away. The court further found that once appellant was placed in handcuffs and arrested, no further questions were asked of her. The court found that appellant failed to provide any evidence supporting her assertion that her statements were involuntary or the result of duress, coercion, or threats.

{¶ 4} A jury trial in the matter commenced on January 5, 2017. Testimony of a Best Buy employee, the arresting officer, and the victim was presented by the state. Appellant testified on her own behalf. At the close of the state's case appellant moved

2.

for acquittal pursuant to Crim.R. 29; the motion was denied. Appellant renewed the motion at the close of her case, it was again denied. The jury found appellant guilty of the charges in the indictment.

{¶ 5} Appellant was sentenced on April 21, 2017, to concurrent two-year terms of community control with various conditions. Appellant filed a notice of appeal and raises four assignments of error for our review:

First Assignment of Error: The trial court erred when it denied appellant's motion to suppress.

Second Assignment of Error: The evidence at appellant's trial was insufficient to support the conviction of identity fraud.

Third Assignment of Error: Appellant's convictions are against the manifest weight of the evidence.

Fourth Assignment of Error: Appellant's offenses were allied offenses of similar import and subject to merger.

{¶ 6} Appellant's first assignment of error challenges the trial court's denial of her motion to suppress statements she believes were made during a custodial interrogation and without first being advised of her constitutional rights under *Miranda v. Arizona*, *supra*.

{¶ 7} Review of a trial court's grant or denial of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court defers to a trial court's factual findings made with respect to its ruling on a motion to suppress where the findings are supported

3.

by competent, credible evidence. *Id.  See also State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). "[T]he appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶ 8} It is well-settled that when police take a suspect into custody, they are required to give *Miranda* warnings before subjecting the suspect to interrogation. *State v. Gumm*, 73 Ohio St.3d 413, 429, 653 N.E.2d 253 (1995), citing *State v. Roe*, 41 Ohio St.3d 18, 21, 535 N.E.2d 1351(1989).  *Miranda* requires that a suspect in custody must be warned prior to questioning that the suspect has the right to remain silent, that anything that is said can be used against the suspect in a court of law, that the suspect has the right to the presence of an attorney, and that if the suspect desires an attorney but cannot afford one, an attorney will be appointed prior to any questioning. *Miranda*, *supra*, at 479.

{¶ 9} "Where a custodial interrogation exists, the State bears the burden of establishing compliance with *Miranda* and a waiver of the defendant's *Miranda* rights. But the threshold burden of demonstrating the existence of a custodial interrogation rests with the defendant. * * *."  (Citation omitted.)  *State v. Muncy*, 2d Dist. Montgomery No. 21563, 2007-Ohio-1675, fn. 1.  Ultimately, statements that are elicited by police through custodial interrogation in violation of a suspect's *Miranda* rights cannot be introduced at trial as evidence of his guilt. *Berkemer v. McCarty*, 468 U.S. 420, 428, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

4.

In determining whether a person is in custody * * * the initial step is to ascertain whether, in light of "the objective circumstances of the interrogation," a "reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." And in order to determine how a suspect would have "gauge[d]" his "freedom of movement," courts must examine "all of the circumstances surrounding the interrogation." Relevant factors include the location of the questioning, statements made during the interview, the presence or absence of physical restraints during the questioning, and the release of the interviewee at the end of the questioning.

Determining whether an individual's freedom of movement was curtailed, however, is simply the first step in the analysis, not the last. Not all restraints on freedom of movement amount to custody for purposes of *Miranda*. We have "decline[d] to accord talismanic power" to the freedom-of-movement inquiry, and have instead asked the additional question whether the relevant environment presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*. "Our cases make clear ... that the freedom-of-movement test identifies only a necessary and not a sufficient condition for *Miranda* custody." (Internal citations omitted.) *Howes v. Fields*, 565 U.S. 499, 508-09, 132 S.Ct. 1181, 182 L.Ed.2d 17 (2012).

{¶ 10} At the December 1, 2016 suppression hearing, Perrysburg Township Police Officer James Gross testified that on March 5, 2016, he was dispatched to the Best Buy store in Perrysburg Township, Wood County, Ohio, on a claimed incident of credit card fraud. Officer Gross testified that he made contact with one of the two suspects on the sidewalk adjacent to the parking lot. He stated that when he made contact with appellant he did not restrict her ability to leave, he did not have his weapon drawn or indicate that she was under arrest.

{¶ 11} During cross-examination, Officer Gross clarified that he was the third officer to approach appellant; they all arrived close in time. There were two patrol vehicles parked in the fire lane adjacent to the sidewalk. Officer Gross denied that any of the officers were "right up in [appellant's] face." Officer Gross indicated that he was in uniform and carrying his weapon when speaking with appellant.

{¶ 12} Appellant testified that she was questioned in front of the Best Buy store and that she was not read her *Miranda* warnings. Appellant stated that four officers were circled around her, essentially "[s]houlder-to-shoulder, foot-to-foot," and they advised her that she could not leave. Appellant stated that she was questioned before and after she was handcuffed and placed in the police cruiser.

{¶ 13} Denying appellant's motion to suppress, the trial court specifically found that the witnesses gave conflicting testimony and that it found Officer Gross's testimony to be credible. The court specifically found that appellant's freedom of movement was not restricted during questioning and that once she was handcuffed and placed in the police cruiser any questioning ceased.

6.

**{¶ 14}** Upon review, we agree that a reasonable person in appellant's position would have understood that during the police questioning there was no formal arrest or restraint on her freedom of movement of the degree associated with a formal arrest. Thus, we conclude that appellant was not subject to a custodial interrogation and the trial court properly denied her motion to suppress. Appellant's first assignment of error is not well-taken.

**{¶ 15}** Appellant's second assignment of error asserts that her conviction for identity fraud was not supported by sufficient evidence. "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law." *State v. Shaw*, 2d Dist. Montgomery No. 21880, 2008-Ohio-1317, ¶ 28, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When reviewing the sufficiency of the evidence, the appellate court's duty is to examine the evidence admitted at trial and determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The standard is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

**{¶ 16}** In this case, appellant was convicted of one count of identity fraud, R.C. 2913.49(B), which provides:

7.

(B) No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following:

(1) Hold the person out to be the other person;

(2) Represent the other person's personal identifying information as the person's own personal identifying information.[1]

{¶ 17} Appellant argues that because neither she nor her accomplice claimed to be the victim or used the Best Buy information as their own, the intent element was not met. We agree.

{¶ 18} When interpreting a statute, a court must presume that the legislature meant exactly what it said and cannot delete or add words. *Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. In the present matter, it is undisputed that there was no evidence presented that either appellant or her accomplice either held themselves out as the victim or represented the victim's personal identifying information as their own.

{¶ 19} Accordingly, we find that there was insufficient evidence presented at trial to establish the elements of identify fraud under R.C. 2913.49(B). Appellant's second assignment of error is well-taken.

---

[1] The statute defines "personal identifying information" as, inter alia, the name, address, telephone number, driver's license, driver's license number, social security card and credit card number of a living or dead individual. R.C. 2913.49(A).

8.

{¶ 20} In her third assignment of error, appellant argues that her convictions were against the manifest weight of the evidence. Under a manifest weight standard, the court sits as the "thirteenth juror" analyzing the entire record to deduce the relative weight of credible evidence. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. However, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The conviction should be reversed, and a new trial ordered, only in those "'exceptional case[s] in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Thus, a conviction will only be overturned under the manifest weight standard when "'the jury clearly lost its way and created * * * a manifest miscarriage of justice.'" *Id.*, quoting *Martin* at 175.

{¶ 21} Appellant argues that the evidence presented at trial was merely speculative regarding appellant's role in the use of the victim's information. Specifically, appellant contends that there was no definitive evidence that appellant received the information on her cell phone and relayed the information to her accomplice who then wrote it down on a piece of paper and supplied it to the Best Buy representative. Neither the cell phone nor the paper were confiscated. The state counters that ample circumstantial evidence supports appellant's guilt.

{¶ 22} Complicity by aiding and abetting is shown by evidence demonstrating that a defendant "supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal

9.

intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus. Evidence of aiding and abetting may be shown by either direct or circumstantial evidence, and the sharing in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. *State v. Lett*, 160 Ohio App.3d 46, 2005-Ohio-1308, 825 N.E.2d 1158, ¶ 29 (8th Dist.).

{¶ 23} During trial, the Best Buy employee testified that the male accomplice informed him that they were going to be using his father's card but that the account information would have to be looked up. The employee stated that the male's identification did not match the cardholder's name. Regarding the information the employee was given, he testified:

> A: But, [appellant] did, she did – she was constantly on the phone while I was doing lookups and she had something written down – had the male write something down on a piece of paper when I was asking questions. * * *. So, I just had to ask the normal questions of, like, phone number and everything on the account – are you an authorized user, * * * date of birth, and they had to type in the soc, and that's how the account was brought up.
>
> * * *
>
> Q: So while you were asking those questions, Miss Edwards was providing information to Mr. Morton?
>
> A: Correct.

10.

**{¶ 24}** In addition to the above exchange, reviewing the entirety of the trial transcript we find that the jury did not lose its way or create a miscarriage of justice when it found appellant guilty of complicity on the misuse of a credit card. We further find, however, based on our analysis of appellant's second assignment of error, that the jury did lose its way in convicting appellant of identity fraud. Appellant's third assignment of error is well-taken, in part.

**{¶ 25}** Appellant's fourth assignment of error argues that her identify fraud and misuse of a credit card convictions were allied and subject to merger at sentencing. Based upon our disposition of appellant's second and third assignments of error, we find that appellant's fourth assignment of error is moot.

**{¶ 26}** On consideration whereof, appellant's conviction for complicity in the misuse of a credit card is affirmed; appellant's conviction for identify fraud is reversed and vacated as it is unsupported by sufficient evidence. The matter is remanded to modify the judgment in accordance with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____
               JUDGE

James D. Jensen, J.

               _____
Christine E. Mayle, P.J.       JUDGE
CONCUR.

               _____
               JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.