DECISION AND JUDGMENT ENTRY
{¶ 1} This court granted leave to the state to appeal, pursuant to R.C. 2945.67(A), from a decision of the Lucas County Court of Common Pleas regarding jury instructions. Because we find that the trial court did not properly instruct the jury in the trial of appellee, Clyde Middleton, we reverse the decision of the lower court. The state of Ohio asserts the following assignments of error on appeal:
 {¶ 2} "ASSIGNMENT OF ERROR NO. 1 The trial court erred in relying on the decision in [State v. ____, an expunged case] because [that case] was incorrectly decided.
 {¶ 3} "ASSIGNMENT OF ERROR NO. 2 The trial court erred in failing to grant the state's motions for mistrial.
 {¶ 4} "ASSIGNMENT OF ERROR NO. 3 The trial court erred in failing to grant the State's motions for reopening.
 {¶ 5} "ASSIGNMENT OF ERROR NO. 4 The trial court erred in failing to grant the State's motions to amend the indictment."
 {¶ 6} Appellee was indicted in 2003 as the principal offender on three counts arising out of events that occurred on July 3, 2003. The first count charged him with drug possession, specifically 1,000 grams or more of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(f), and also with a major drug offender specification, R.C. 2941.1410. The second count charged him with trafficking in drugs, specifically 1,000 grams of cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(g), and also with a major drug offender specification. The third count charged him with carrying a concealed weapon, a violation of R.C. 2923.12(A) and (D).
 {¶ 7} The state's theory throughout the case was that appellee aided and abetted Michael Mason in the commission of the charges in the indictment. Therefore, the jury instructions included a standard instruction regarding a charge of complicity.
 {¶ 8} While the jury was deliberating, they sent two questions to the judge. The first inquiry was whether they had to find that appellee knew that the controlled substance was actually cocaine. The second inquiry was whether they had to find that appellee knew the specific amount of cocaine involved in the transaction. The court told the jury that the state only had to prove that appellee knew that the substance involved was a controlled substance, not that it was cocaine. The court also told the jury that the state did not have to prove that appellee knew the exact amount of cocaine involved in the transaction.
 {¶ 9} The next day, appellee challenged the judge's answers to the jury's questions based upon a holding of this court in a case that was subsequently expunged. The state argued that our holding was wrongly decided and conflicted with the holding in State v. Patterson (1982),69 Ohio St.2d 445 and other Ohio appellate courts. Neither the parties nor the trial court realized that the principal case relied upon by the defense has been expunged.
 {¶ 10} The trial court, following the holding in our expunged case, revised its answer to the jury's question and advised the jury that they had to find that appellee knew that the controlled substance involved was actually cocaine. Appellee also moved that the trial court instruct the jury that they needed to find that appellee knew the exact amount of cocaine involved in the transaction. Believing that this instruction was a natural extension of our prior holding, the trial court sent the jury a revised instruction on this issue as well.
 {¶ 11} In response to the revised jury instructions, the state moved to amend the indictment to charge appellee as a principal offender, to reopen the case, and to request a mistrial. All three motions were denied.
 {¶ 12} After the jury was re-instructed on the law several times, they acquitted appellee of counts one and two and the lesser included offenses. The court granted a directed verdict as to count three. The state then sought an appeal to this court.
 {¶ 13} In its first assignment of error, the state argues that the trial court erred by relying on the holding in the expunged case and asks us to reverse our holding in that case.
 {¶ 14} To establish that a defendant aided and abetted a crime, in violation of R.C. 2923.03, the evidence must prove that the defendant "* * * supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." State v.Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336, syllabus. Thus, the state must prove two criminal intents for the accomplice: first that the accomplice had the same criminal intent as the principal offender and, second, that the accomplice also intended to help the principal commit the offense. State v. Mendoza, 137 Ohio App.3d 336, 343, 2000-Ohio1689 (citing State v. Lockett (1976), 49 Ohio St.2d 48, 61-62, overruled on other grounds by Lockett v. Ohio (1978), 438 U.S. 586). The issue in this case turns on what intent element must be proven as to the principal or accomplice.
 {¶ 15} R.C. 2925.11(A) provides that it is illegal to "* * * knowingly obtain, possess, or use a controlled substance." The statute also imposes certain mandatory sentences if the controlled substance is of a specific type and weight.
 {¶ 16} The prosecution argues that the term "knowingly" in R.C.2925.11(A) modifies the verbs "obtain, possess, or use." Based on that interpretation, the state would only be required to prove that an accomplice purposefully aided another to knowingly "obtain, possess, or use" a controlled substance. While the state would have to prove the specific controlled substance involved for purposes of the penalty to be imposed, it would not have to prove that the principal or the accomplice knew the specific controlled substance involved to obtain a conviction under R.C. 2925.11(A).
 {¶ 17} The state relies upon State v. Patterson, supra, which involved a similar analysis under R.C. 2925.03(A)(1), trafficking in drugs. That statute provides that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance* * *." The statute further provides that the penalty to be imposed is controlled by the type of controlled substance involved in the crime. The Ohio Supreme Court held that a person can be convicted of offering to sell cocaine under R.C.2925.03(A)(1) even if the seller knew that the substance involved in the transaction was not cocaine because the word "knowingly" modifies the verb "offer," not "controlled substance." This holding was affirmed again in State v. Mughni (1987), 33 Ohio St.3d 65, after the General Assembly enacted R.C. 2925.37(B) creating a separate offense for possession of or trafficking in counterfeit controlled substances. See, also, State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732, ¶ 27, citingState v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 29.)
 {¶ 18} Of the cases cited by the state, only one is directly on point. In that case, the Second Appellate District adopted the interpretation proposed by the prosecution in this case. In State v. Williams, 2d Dist. No. 20271, 2005-Ohio-1597, ¶ 35, the Second District held that under R.C. 2925.11(A), the state must prove that the defendant knowingly possessed a controlled substance, not that the defendant possessed a specific controlled substance, and that a specific controlled substance was involved in the crime. The other cases cited by the state involve the trafficking statute or the manifest weight issues in a possession case.
 {¶ 19} The defense argues that R.C. 2925.11(A) requires that the state prove that the defendant knowingly aided another in obtaining, possessing, or using a specific controlled substance. The defense relies on State v. Headley (1983), 6 Ohio St.3d 475, paragraph two of the syllabus. In that case, the Ohio Supreme Court interpreted R.C. 2925.03, the trafficking in drugs statute, and held that the type of controlled substance be included in the indictment because it is an essential element of the crime.
 {¶ 20} This holding was applied to R.C. 2925.11(A) by State v.Allen (1999), 102 Ohio Misc.2d 7. In the Allen case, the Montgomery County Common Pleas Court reasoned that R.C. 2925.11 likewise identifies separate criminal offenses based on the specific type of controlled substance involved. Id. at 11. Therefore, the court held that defendant must be charged in the indictment with possession of a specific controlled substance because the specific controlled substance is an element of the crime. Id.
 {¶ 21} The Second District Appellate Court distinguished theAllen case in deciding State v. Williams, supra. The Second District held that the Allen case concerns only the issue of what must be included in the indictment and proven by the state; i.e., that the defendant knowingly possessed a controlled substance and that the controlled substance was of a specific type. It does not address the issue of whether the defendant must have specific knowledge of the type of controlled substance involved in the crime.
 {¶ 22} Upon further consideration of the issue, we find that in order to achieve a conviction under R.C. 2925.11(A) and R.C. 2929.03(A), the state is required to prove that the defendant aided or abetted another in knowingly obtaining a controlled substance and that the controlled substance was of a specific type. There is no requirement that the state prove that the accomplice knew the specific type of controlled substance involved. Appellant's first assignment of error is well-taken.
 {¶ 23} As to appellant's remaining assignments of error, we find that the trial court did not abuse its discretion by denying appellant's motion for a mistrial, request to reopen its case to present additional evidence, and its motion to amend the indictment pursuant to Crim.R. 7(D). Appellant's remaining assignments of error are not well-taken.
 {¶ 24} Having found that the trial court committed error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. The appellate costs are waived in this case because appellee was acquitted.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
PETER M. HANDWORK, J., JUDGE; MARK L. PIETRYKOWSKI, J., JUDGE; ARLENE SINGER, P.J., JUDGE; WILLIAM J. SKOW, J., JUDGE Concur.