**[Cite as *State v. Johns*, 2020-Ohio-6652.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

  Appellee

v.

Elizabeth C. Johns

  Appellant

Court of Appeals No. WD-19-081

Trial Court No. 2019CR0044

**DECISION AND JUDGMENT**

Decided: December 11, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Elizabeth Johns, appeals the judgment of the Wood County Court of Common Pleas, following a jury trial, convicting her of one count of complicity to having a weapon under a disability. For the reasons that follow, we reverse and vacate her conviction.

**{¶ 2}** On appeal, appellant asserts the following assignments of error:

Assignment of Error I: The evidence presented at trial was insufficient to support a conviction for complicity to having weapons while under disability.

Assignment of Error II: The application of R.C. 2923.13 is unconstitutional as applied to Appellant.

Assignment of Error III: The conviction for complicity to having weapons while under disability was against the manifest weight of the evidence.

**{¶ 3}** The Wood County Grand Jury indicted appellant on a single count of complicity to having a weapon under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree. Appellant entered a plea of not guilty, and the matter proceeded to a jury trial along with appellant's co-defendant, Brian Brooks.[1] Brooks was indicted on a single count of having a weapon under disability based on the theory that Brooks constructively possessed the weapon. The trial revealed the following pertinent information.

**{¶ 4}** Between April 8 and April 18, 2018, Brooks was in jail at the Corrections Center of Northwest Ohio. The state did not directly present why Brooks was in jail, but phone conversations with appellant revealed that he was in the process of serving a

---

[1] Brooks' appeal is before this court in case No. WD-19-077.

2.

30-day jail sentence for a marijuana related offense. Brooks also had pending charges of driving under a suspended license.

{¶ 5} Three of the phone calls between appellant and Brooks were played for the jury. From the phone conversations, it is apparent that appellant and Brooks were in a relationship. In one of the calls, appellant indicated that she does not feel safe in her house. In response, Brooks informed her that there is something in his book bag in her house, and that item is something that he normally kept in his safe, also in her house. In a subsequent call, Brooks gave appellant the code for the safe, and asked her to put his "strap" in there. Testimony at trial revealed that the word "strap" often refers to a handgun. Appellant responded that the gun was already upstairs. Brooks stated that she must have gotten it out of his book bag and carried it upstairs. He then jokingly asked appellant if she shot anybody. Appellant indicated that she had not shot it because it jams, and that she does not feel comfortable shooting it outside like Brooks does. Notably, Brooks stipulated at trial that, at all relevant times, he was under a disability and was prohibited from possessing a firearm.

{¶ 6} On April 13, 2018, after the three phone calls had been made, the police executed a search warrant at appellant's residence. During the search, the police found a loaded and operational .45 caliber semi-automatic handgun on the bedroom nightstand. Nearby was a safe, which the police were able to open using the combination that Brooks gave over the phone to appellant. The police also found a book bag. A fourth phone call

3.

between appellant and Brooks was played for the jury in which appellant and Brooks discussed the police's search of the house.

{¶ 7} After the presentation of the evidence, appellant moved for an acquittal pursuant to Crim.R. 29, on the basis that she was not under a disability, and had no knowledge that appellant was under a disability. The trial court denied appellant's motion. The jury then returned with a verdict of guilty. At sentencing, the trial court sentenced appellant to three years of community control.

{¶ 8} In her first assignment of error, appellant argues that her conviction was based on insufficient evidence. In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 9} Here, appellant was convicted of complicity to possessing a weapon under disability in violation of R.C. 2923.13(A)(2), which provides, "Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: * * * (2) The person is under indictment for or has been convicted of any felony offense of violence." The parties do not dispute that appellant is not under any disability. Rather, the state argues that she was complicit in Brooks' commission of the offense. To that end, R.C. 2923.03(A) provides, in relevant part, "No person, acting with the kind of

4.

culpability required for the commission of an offense, shall do any of the following: * * * (2) Aid or abet another in committing the offense."

{¶ 10} "To establish that a defendant aided and abetted a crime, the evidence must prove that the defendant 'supported, assisted encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal.'" *State v. Richter*, 2019-Ohio-5422, 151 N.E.3d 186, ¶ 22 (6th Dist.), quoting *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus. "Thus, the state must prove two criminal intents for the accomplice: first that the accomplice had the same criminal intent as the principal offender and, second, that the accomplice also intended to help the principal commit the offense." *Id.*, quoting *State v. Middleton*, 6th Dist. Lucas No. L-05-1162, 2006-Ohio-6634, ¶ 14. "Evidence of aiding and abetting may be shown by either direct or circumstantial evidence, and the sharing in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed." *State v. Cathcart*, 6th Dist. Lucas No. L-06-1225, 2008-Ohio-370, ¶ 24, citing *State v. Lett*, 160 Ohio App.3d 46, 2005-Ohio-1308, 825 N.E.2d 1158, ¶ 29 (8th Dist.).

{¶ 11} Appellant argues that the state failed to produce any evidence that appellant intended to aid, abet, solicit, procure, or cause Brooks to possess the firearm. In particular, appellant asserts that Brooks brought the gun into her home, and then while he was in prison, she took possession of the gun and used it for her own protection. Appellant contends that in so doing, she frustrated Brooks' ongoing efforts to possess the

5.

firearm. Appellant also argues, in connection with her second assignment of error, that the state failed to produce any evidence that appellant knew that Brooks was under a disability and was not permitted to possess the firearm.

{¶ 12} In response, the state argues that it is not required to prove a mental state for the element that a defendant has a disability. *See State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, ¶ 42 ("[F]or the offense of having weapons while under disability defined by R.C. 2923.13(A)(3), the state is not required to prove a culpable mental state for the element that a defendant is under indictment for or has been convicted of any offense involving a drug of abuse."). Furthermore, the state contends that an accomplice can be guilty of aiding and abetting another person based upon the other person's disability. The state then notes that the record shows that Brooks had a disability, that appellant and Brooks discussed the gun and the moving of the gun from the book bag to the safe, and that when the search was conducted, the gun, book bag, and safe were all found in appellant's residence. Thus, the state concludes that because appellant knew about the gun and moved the gun for Brooks, and because Brooks was prohibited from possessing a firearm due to his disability, appellant is guilty of complicity to having a weapon under disability.

{¶ 13} We disagree with the state's conclusion. Assuming, for purposes of this analysis, that appellant supported or assisted Brooks in the possession of the gun, we still find that the evidence is insufficient to show that appellant was complicit because there is no evidence that appellant intended to help Brooks commit the crime of having a weapon

6.

under disability. Here, the state did not produce any evidence to show that appellant knew that Brooks was under a disability. At most, the evidence shows that appellant knew that Brooks was in jail for a misdemeanor marijuana offense, and potentially faced further jail time for the offenses of driving under a suspension, but neither of those crimes constitutes a disability under R.C. 2923.13(A)(2). Without evidence that appellant was aware that Brooks was under a disability, appellant is nothing more than an unwitting accomplice, and the state has failed to show that she intended to help Brooks commit the crime. Therefore, we hold that the evidence is insufficient to support appellant's conviction for complicity to having a weapon under a disability.

{¶ 14} Accordingly, appellant's first assignment of error is well-taken.

{¶ 15} Because we hold that appellant's conviction is based upon insufficient evidence, appellant's remaining assignments of error are not well-taken as moot.

{¶ 16} Having found that appellant's conviction is based upon insufficient evidence, the judgment of the Wood County Court of Common Pleas is reversed and vacated, and the case is ordered to be dismissed. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>
and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE


Gene A. Zmuda, P.J. _____
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE


**ZMUDA, P.J.**

{¶ 17} Because I agree with the majority and would reverse the conviction, but for different reasons, I write separately.

{¶ 18} Appellant was convicted of having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and (B), based on a theory of complicity. Appellant's boyfriend, Brian Brooks, was charged as the principal, and he stipulated in his and appellant's joint trial to having a disability that prohibited him from possessing a weapon.

{¶ 19} The evidence presented at trial included recorded phone conversations between appellant and Brooks, who was serving a 30-day jail sentence in an unrelated case. Selected conversations were played for the jury at trial, and included an exchange in which Brooks told appellant he was keeping a gun at her house, in his book bag. He told appellant he usually kept the gun in his safe, also at her house, and he provided the combination to appellant so she could store the gun in his safe. Appellant removed the gun from Brooks' book bag, but instead of placing the gun in Brooks' safe, she kept it on her bedside table for her own use.

{¶ 20} Based on the phone conversations, police obtained a warrant and searched appellant's home. They located the gun, the safe, and the book bag, and charged both Brooks and appellant with having a weapon while under disability. At trial, appellant moved for an acquittal under Crim.R. 29, arguing insufficient evidence as she was not under a disability and had no knowledge that Brooks was under a disability. The trial court denied the motion and the jury returned a guilty verdict.

{¶ 21} Now on appeal, appellant repeats her argument regarding insufficient evidence. In response, the state argues that appellant was complicit in Brooks' crime, as an aider or abettor of Brooks. As noted by the majority, to support a conviction for aiding or abetting Brooks in having a weapon while under disability, the evidence must demonstrate appellant had the same intent as Brooks, the principal offender, and that appellant intended to help Brooks commit the offense. *See State v. Richter,*

9.

2019-Ohio-5422, 151 N.E.3d 186, ¶ 22 (6th Dist.), quoting *State v. Middleton*, 6th Dist. Lucas No. L-05-1162, 2006-Ohio-6634, ¶ 14.

{¶ 22} The majority focused on the intent requirement, and concluded that appellant had no intent to help Brooks because she had no knowledge of his disability. This potentially confuses the issue. The intent required to commit the offense of having a weapon while under disability is the intent to "have" the gun, regardless of knowledge of any disability. R.C. 2923.13(A); *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, paragraph one of the syllabus.

{¶ 23} Based on the record, I find that appellant had no intent to help Brooks in committing the offense because Brooks had committed the offense prior to informing appellant the gun was stored at her house. The fact that Brooks admittedly kept his gun among his other possessions at appellant's home was sufficient to establish Brooks' constructive possession of the gun, in violation of R.C. 2923.13(A), without any assistance from appellant. *See, e.g., State v. Munn*, 6th Dist. Lucas No. L-08-1363, 2009-Ohio-5879, ¶ 47-48 (constructive possession established where defendant stored gun at girlfriend's home among his other personal belongings). There is no evidence, indicating appellant assisted Brooks in acquiring or "having" a gun, to help Brooks commit the offense. Accordingly, I respectfully concur, and would reverse the conviction.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.